1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8          **CENTRAL DISTRICT OF CALIFORNIA**
9          **WESTERN DIVISION**
10
11   URIEL GONZALEZ,                    )        No. CV 11-8690-PA (PLA)
                                        )
12                  Petitioner,         )
                                        )
13          v.                          )        **ORDER TO SHOW CAUSE RE LACK OF**
                                        )        **EXHAUSTION**
14   ROBERT H. TRIMBLE, Warden,         )
                                        )
15                  Respondent.         )
     _____)
16

17          On October 20, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in

18   State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 2001 conviction

19   in the Los Angeles County Superior Court under California Penal Code §§ 664/187(a),

20   12022.5(a)(1), 12022.53(b)/(e)(1), 12022.53(c)/(e)(1), 12022.53(d)/(e)(1), 186.22(b)(1), and

21   664(a). (See Petition at 2). A review of the Petition indicates that petitioner has not exhausted

22   his available state remedies, however. (See Petition at 3).

23          As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

24   petitioner has exhausted the available state judicial remedies on every ground presented in the

25   petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The

26   habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

27   not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

28   in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, while petitioner indicates that he appealed his conviction to the California Court of Appeal, he concedes that he never filed a Petition for Review with the California Supreme Court, and that he has not filed any habeas petitions in state court with respect to the subject judgment. (See Petition at 2-3). As the instant Petition appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

/

/

/

/

/

/

Accordingly, **no later than November 14, 2011**, petitioner is ordered to show cause why the Petition should **not** be dismissed without prejudice for failure to exhaust state remedies. **Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed for failure to exhaust, failure to prosecute and failure to follow Court orders.**

DATED: October 24, 2011

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE