UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| URIEL GONZALEZ, | No. CV 11-8690-PA (PLA) |
| Petitioner, | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| ROBERT H. TRIMBLE, Warden, | |
| Respondent. | |

## INTRODUCTION

On November 9, 2012, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied as untimely and the action dismissed with prejudice. Thereafter, on February 1, 2013, petitioner filed his "Objection to the Report and Recommendation ... " ("Objections").

## DISCUSSION

In his Objections, petitioner raises several arguments under Doe v. Busby, 661 F.3d 1001 (9th Cir. 2011). First, he asserts that the R&R's conclusion "that [petitioner] did not present any evidence that he communicated with Reed and Sterwerf between July 19, 2003, and June or July 2006 ... is seemingly inconsistent with" the language in Doe that states: "The standard for

reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." (Objections at 13 (citing Doe, 661 F.3d at 1015)). Petitioner also asserts that his reliance on his attorneys to timely file a federal habeas petition was reasonable because the Doe court concluded in that case that "a reasonable litigant in [the Doe petitioner's] situation who is represented by experienced counsel, if asked about the status of his or her lawsuit, would be justified in replying, 'My lawyer is handling it.'" (Objections at 12 (citing Doe, 661 F.3d at 1015)). Neither of these arguments entitle petitioner to equitable tolling, however. The language in Doe cited by petitioner describes the "reasonable diligence" standard and what would constitute an acceptable response from a reasonable litigant in the Doe petitioner's circumstances -- it does not absolve a petitioner from needing to set forth "detailed facts" to establish diligence. See Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). As noted in the R&R (see R&R at 14 n.11), the petitioner in Doe presented evidence that he "wrote numerous letters and made scores of phone calls from prison to remind his attorney of the deadline, and received assurances from the attorney that the petition would be filed." Doe, 661 F.3d at 1013. Here, in contrast, petitioner has not presented *any* facts about, or evidence of, the number of times he communicated with Reed and Sterwerf, or the dates of those communications. Petitioner's vague and unsubstantiated assertions do not meet Doe's reasonable diligence standard, or resemble the diligence of the petitioner in Doe such that equitable tolling is warranted here.

Second, petitioner quotes the Doe court's statement that in Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003), the Ninth Circuit "rejected an argument that the petitioner represented by deficient counsel was obligated to retain another attorney to timely file a habeas petition." (Objections at 10; see Doe, 661 F.3d at 1014)). To the extent that petitioner relies on this quote to contend that the Magistrate Judge improperly considered whether petitioner was required, following the alleged misconduct of Reed and Sterwerf, to retain another attorney to represent him (see R&R at 11-13), such a contention lacks merit. The issue of "when, in light of the petitioner's education and background, he reasonably should have sought new counsel" is just one of the four factors for consideration provided by the Doe court to determine whether a petitioner who asserts

that attorney misconduct caused the untimely filing of his federal petition has been reasonably diligent in pursuing his rights. See Doe, 661 F.3d at 1013. The Magistrate Judge properly considered this issue. (See R&R at 11-13).

Third, petitioner asserts that like the petitioner in Doe, he was "in no position to question a plausible explanation for [Richards'] delay" in filing a federal petition (see Doe, 661 F.3d at 1014), where Richards had "represent[ed] that issues ... would be developed for eventual[] preparation to the federal court with an explanation for the delay." (Objections at 10, 12-13). This argument also fails. By the time petitioner retained Richards on August 28, 2006, the statute of limitations had already run. (See R&R at 13). Thus, even accepting petitioner's contention that he was "in no position to question a plausible explanation for [Richards'] delay" in filing a federal petition where Richards had "represent[ed] that issues ... would be developed for eventual[] preparation to the federal court with an explanation for the delay," and even if petitioner's acceptance of such a representation absolved him of any obligation to follow up with Richards after that time, the instant Petition still would not have been timely. Moreover, the record belies petitioner's version of the duties Richards agreed to perform. The retainer agreement between petitioner and Richards states that petitioner and his family were "hiring [Richards] to prepare with an investigator a new habeas petition"; that "[t]hey acknowledge that the evidence may not be readily available or not at al[l]"; and that "[Richards] does not need to perform any services except be ready and willing and able to perform the legal services described herein." (Opposition, Ex. E at 45, 49). None of petitioner's contentions under Doe entitle him to equitable tolling.

Next, petitioner argues that "[a] reasonable man in [petitioner's] situation could sleep soundly, and not worry, after paying [$70,000] on attorneys." (Opposition at 11-12). However, the payment of money -- even a large sum -- to an attorney who fails to timely file a federal petition is, by itself, insufficient to entitle a petitioner to equitable tolling. Rather, the relevant inquiry is whether the attorney's misconduct is "sufficiently egregious" to constitute an extraordinary circumstance that prevented a petitioner from timely filing, and whether the petitioner was pursuing his rights diligently during the period in question. See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); see also Dumas v. Cate, 2010 WL 5652766, at *3 (S.D. Cal.

Dec. 14, 2010) (rejecting the petitioner's argument that he was entitled to equitable tolling because his mother paid "a significant sum of money" to an attorney, who did not then file a federal petition, because the petitioner had not shown that the attorney's conduct constituted an "extraordinary circumstance"). As discussed supra and in the R&R, petitioner has not demonstrated that he was pursuing his rights diligently during the time he was represented by Reed, Sterwerf, and Richards, and thus the amount of money he paid them is irrelevant to whether equitable tolling is warranted here.

Finally, petitioner asserts that "had Sterwerf argued that Reed's death was an extraordinary circumstance that prevented [petitioner] from filing a timely petition, the federal court would have afforded [petitioner] equitable tolling." (Objections at 7). Petitioner represents in the Opposition that he learned about Reed's death two months after it occurred, which is approximately February 11, 2004. (Opposition, Ex. C). Despite this argument by petitioner, even if Sterwerf -- immediately after assuming responsibility for petitioner's case -- had filed a federal petition containing a request for tolling on that basis, petitioner would not have met the diligence requirement for the majority of the period from the start of the statute of limitations (January 22, 2003) to the earliest date Sterwerf might have been retained (February 11, 2004). As discussed in the R&R, petitioner waited until 178 days after the statute began to run before he retained Reed. Moreover, while petitioner's July 19, 2003, retainer agreement with Reed provided that Reed would file a federal petition "on or before October 22, 2003" (Opposition, Ex. A), petitioner does not assert that he followed up with Reed after October 22, 2003, to inquire whether a petition had in fact been filed, or that he had any communication with Reed or his office during the 112 days between October 22, 2003, and February 11, 2004, the approximate date he learned of Reed's death. Because petitioner was not diligently pursuing his rights during at least 290 days out of the 385 days between the start of the limitations period and the earliest date Sterwerf could have filed a petition, petitioner would not have been entitled to equitable tolling even if Sterwerf had immediately filed a petition and raised the argument presented by petitioner.

Accordingly, after full consideration of the arguments and allegations in petitioner's Objections, the Court concludes as follows:

**CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is adopted.
2. Respondent's Motion to Dismiss is granted.
3. Judgment shall be entered consistent with this order.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 12, 2013

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE